**McDONOUGH BROTHERS, INC., Appellant,**

v.

**T. C. BATESON CONSTRUCTION COMPANY, Appellee.**

No. 8149.

Court of Civil Appeals of Texas, Beaumont.

Dec. 14, 1978.

Rehearing Denied Jan. 11, 1979.

John Skogland, San Antonio, for appellant.

Roger A. Hansen, Dallas, for appellee.

CLAYTON, Justice.

This breach of contract suit was brought by the plaintiff below, McDonough Brothers, Incorporated, against T. C. Bateson Construction Company, to recover damages for delays in accepting structural precast concrete beams which were to be used in construction of the University of Texas at San Antonio. Trial was to a jury which found that the defendant had breached its contract with the plaintiff by refusing to accept the beams within the contract period, and, as a result, the jury awarded plaintiff damages in the amount of $111,000. Defendant filed its motion for judgment notwithstanding the verdict. This motion was granted, and the trial court entered a take nothing judgment against the plaintiff.

Defendant was the prime contractor for the construction of phase one of the University of Texas at San Antonio. Plaintiff, pursuant to contract, supplied all of the concrete beams which were the structural floor and ceiling members in certain buildings being erected under the prime contract. On May 5, 1972, plaintiff submitted its proposal for the fabrication and delivery of the beams for $635,000, the final purchase price, which contained no reference to any specific time of delivery or any reference to any prior agreement. On May 23, 1972, defendant notified plaintiff of its intent to award an order "to supply all [beams] as required for the above mentioned project in the amount of $635,000. Formal order will be prepared and forwarded to you in the near future." This purchase order was prepared and sent to plaintiff. The purchase order specified that delivery would be "FOB Jobsite," "as required," and "in accordance with Plans, Specifications. . . ."

Plaintiff manufactured some of the beams in January 1973. After manufactur-

ing beams for a few months, however, it became apparent that construction of the University was not progressing at a rate which would warrant the use of the beams as the parties intended. The project was far behind schedule, and, instead of being used by defendant, the beams which were manufactured remained in storage at the plaintiff's yard.

It is the contention of plaintiff that the parties had entered into an oral agreement that defendant would accept all of such beams prior to June 1973. It is undisputed that the beams were not delivered to the jobsite by June 1973. Actually they were not completely delivered until June 1975. Because of the delay in accepting the beams, plaintiff incurred additional cost in manufacturing the beams, and it was for this increase in costs the plaintiff sought to recover from defendant.

Appellant complains of error in entering judgment notwithstanding the verdict "because the essential elements which the plaintiff was required to establish in order to recover damages against the defendant were properly proven at the trial."

The jury found that (1) defendant agreed to accept the beams at the jobsite by June 1973; (2) defendant refused to accept the beams by June 1973 and would have refused to accept them if they had been delivered; and (3) plaintiff was ready, willing, and able to deliver the beams and would have delivered the beams if they had been accepted.

■ To grant the motion for judgment notwithstanding the verdict, the trial court necessarily held there was no evidence of probative value to support the findings of the jury. In deciding this question, we must consider only the evidence and the inferences tending to support the findings and disregard all evidence and inferences to the contrary. *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965); *Lucas v. Hartford Accident & Indemnity Co.,* 552 S.W.2d 796, 797 (Tex.1977).

Plaintiff argues there is evidence of probative value to support a finding "that de-

fendant . . . refused to accept beams from the plaintiff in accordance with the terms of their agreement, and as a result, the plaintiff was not able to manufacture all of the beams within the period of time upon which the parties agreed." We do not agree.

The only evidence in the record upon which plaintiff relies for proving defendant refused to accept the beams is testimony that defendant would not take the beams when manufactured and store them at defendant's jobsite. The purchase order agreed to by both parties obligated plaintiff to supply the beams to defendant at the jobsite "as required" by defendant. There is no evidence of probative value of any agreement by defendant to take or accept the beams and to store them for any period of time on the jobsite. The question of storage as a part of the oral agreement was not submitted to the jury, and therefore the same was waived by plaintiff. See *Grubb v. Grubb,* 525 S.W.2d 38, 42 (Tex.Civ.App.— El Paso 1975, writ ref'd n. r. e.); *Glens Falls Insurance Co. v. Peters,* 386 S.W.2d 529, 531 (Tex.1965); *Tex.R.Civ.P. 279.*

Under the terms of the agreement, defendant was under no obligation to take and store the beams. The evidence shows that a problem of "camber" or arching of the beams appeared after plaintiff had stored the beams for a period of time, and defendant refused to accept them for that reason. In addition to the "camber" problem, it is clear that in April 1973 production of the beams was stopped by plaintiff because of improper configuration of the holes or double "T" penetrations. On April 18, 1973, the invoices for beams then on hand were returned by defendant because the beams did not conform to specifications. Other evidence shows that production had been stopped until an agreement could be reached with reference to the camber and tolerances. Additional evidence shows that problems over which the defendant had no control existed, and production had not been completed until April 1974, one year after the contract period.

The evidence further shows that as late as September and October 1973, after the expiration of the contract period, defendant was urging plaintiff to "expedite manufacture as much as possible" and showing further that production would take approximately nine months to complete after October 1973. It is further shown that production and delivery was still not completed as late as April 1974.

In view of the foregoing we hold there is no evidence of probative value supporting a finding that defendant refused to accept beams from the plaintiff in accordance with the terms of their agreement.

There is no evidence of probative value showing the defendant violated any terms of the agreement between the parties. The trial court properly granted the judgment notwithstanding the verdict. Since this point is dispositive of this appeal, we do not consider the other points presented by plaintiff.

The judgment of the trial court is affirmed.

AFFIRMED.