W. H. McNUTT et ux., Appellants,

v.

INTRATEX GAS COMPANY et al., Appellees.

No. 6197.

Court of Civil Appeals of Texas, Waco.

May 29, 1980.

Rehearing Denied June 26, 1980.

Darrell G. Lochte, Kerrville, Robert Scogin, Finley & Scogin, Kermit, for appellants.

T. B. Wright, Stubbeman, McRae, Sealy, Laughlin & Browder, Austin, Mike Worley, McCleskey, Harriger, Brazill & Graf, Lubbock, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiffs McNutt from take-nothing judgment in their suit against defendants Intratex and Oasis on a pipeline right-of-way easement contract.

Plaintiffs who own 3709 acres of land entered a contract (and supplemental agreement) with defendant Intratex granting Intratex a pipeline right-of-way easement for a 36 inch gas pipeline across 2.4 miles of their land, such easement being 50 feet wide with 50 additional feet as temporary easement during construction. The contract provided the pipeline be buried 30 inches and that Intratex substantially re-

store the right-of-way detailing a number of specifics. Plaintiffs were paid $7,290. for the easement. Intratex assigned the easement to Oasis which contracted with Great Plains Construction Company to construct the pipeline.

After construction of the pipeline plaintiffs sued Intratex and Oasis to enforce the terms of the contract alleging, among other matters, breaches of the contract to substantially restore the right-of-way in a number of particulars; and sought specific performance of the contract, damages for the alleged breaches, and reversion to plaintiffs of the pipeline easement, and in the alternative the value of the reversion or use of the pipeline easement.

Upon pretrial the trial court sustained exception to plaintiffs' pleadings of reversion and specific performance.

Trial was to a jury which found: 1) that there was not a failure to substantially restore the right-of-way to the condition as it existed prior to entry by defendants; 2) that "none" would be the sum of money necessary to restore the right-of-way to its condition immediately prior to construction of the pipeline; 3) that the value of the 24.34 acres of the right-of-way immediately prior to construction of the pipeline was $300. per acre; 4) that the value of the 24.34 acres of the right-of-way immediately after the taking was $150. per acre.

The trial court rendered judgment that plaintiffs take nothing.

Plaintiffs appeal on 16 points presenting 4 main contentions.

Contention 1 asserts the trial court erred in sustaining defendants' special exception 1, levelled at the relief of specific performance.

■ Plaintiffs were not entitled to specific performance because they had an adequate remedy by law by way of damages. *Rogers v. Daniels Oil & Royalty Co.*, Tex., 110 S.W.2d 891. Moreover, plaintiffs have waived this contention by failing to brief same.

Contention 2 asserts the trial court erred in sustaining defendants' special exceptions 2 and 3 eliminating any cause of action for reversion of the land or a value of the reasonable use of the land from any date of reversion.

Plaintiffs' suit was predicated upon defendants' breach of the contract to substantially restore the right-of-way to its condition as it existed prior to entry by defendants.

■ The jury found in answer to Issues 1 and 2 there was not a failure to substantially restore the right-of-way. Thus, there is no basis upon which plaintiffs could claim a reversion or money damages in lieu thereof.

■ Moreover, the trial court was correct in sustaining the exceptions removing plaintiffs' claims for reversion or damages in lieu thereof, because defendants as a public utility cannot bind themselves by contract to do that which would disable them from performing those duties and obligations to the public with which they are charged. Any provision of a contract of such a corporation which impairs its ability to perform such services is a violation of the utilities contract with the State, is forbidden by public policy, and is therefore void. *Lone Star Gas Co. v. Municipal Gas Co.*, 117 Tex. 331, 3 S.W.2d 790; *Houston Lighting & Power Co. v. Railroad Comm. of Texas*, Tex., 529 S.W.2d 763.

■ Contention 3 asserts the trial court erred in not admitting into evidence the contract between defendants and Great Plains Construction Company to show that such agreement was similar to the agreements contained in the right-of-way easement and supplement thereto.

This suit was for alleged breaches of a contract between plaintiffs and Intratex. It consisted of the Right-Of-Way Easement and a Supplemental Agreement. Such contract provided:

"Grantee [Intratex] shall on completion of initial construction or removal, restore the [right of way] in substantially their condition immediately prior to construction or removal. *To the extent that such restoration may require the removal of*

*rock or other material actually excavated from the ditch or uncovered as a result of construction or removal operations, Grantee may deposit same in headers or canyons designated by Grantors within reasonable distance thereof or remove same from Grantors land".* (Emphasis added)

Thus, the contract clearly provided that the removal of rock and ditch material was required if, and *only* if it were necessary to do so in order to restore the right-of-way to substantially its condition prior to construction. There is no requirement in the contract requiring removal of rocks and/or ditch material from the right-of-way unless it is necessary to accomplish substantial restoration of the right-of-way easement strip.

There was evidence that substantial restoration did not require the removal of any rock or ditch material from the right-of-way; and the jury found that the right-of-way was substantially restored.

Intratex had assigned its easement to Oasis which in turn entered into a contract with Great Plains to construct the pipeline. Oasis' contract with Great Plains placed more stringent requirements on the contractor and contains the requirement that certain rocks not be buried in the ditch. The plaintiffs' contract with Intratex which was assigned to Oasis contains no such requirement. Oasis reserved the right to require Great Plains to remove the rock if, in the opinion of Oasis, substantial restoration required such removal. Oasis determined that substantial restoration did not require the removal of rocks and ditch material from plaintiffs' land.

The trial court refused to admit into evidence the Oasis-Great Plains contract. Plaintiffs sued on their contract with Intratex; never asserted that their contract with Intratex was ambiguous; but seek to become the 3rd party beneficiary of the contract Oasis made with Great Plains, which itself was never breached.

Since the contract between plaintiffs and Intratex is clear and unambiguous in its terms regarding disposal of rocks, and since there are no pleadings alleging ambiguity, there was no basis for the tendered evidence to have been admitted before jury, and the trial court correctly and properly excluded same.

Contention 4 asserts the trial court erred in submitting Issue 1, in that it is multifarious, is a general submission, is a comment on the weight of the evidence, and invaded the province of the jury by limiting it as to what evidence it might consider.

The trial court submitted Issue 1 as follows:

"Do you find from a preponderance of the evidence that Intratex Gas Company and Oasis Pipe Line Company or either of them or their contractors failed to restore the 24.34 acres of right-of-way (being the 50 foot easement strip and the 50 foot temporary working area, except for the 2100 foot portion lying in the flat land) to substantially its condition immediately prior to the construction of the pipeline?

"In connection with the foregoing Special Issue, you are instructed that you may consider the following matters and none other, to-wit:

"(1) Whether Intratex Gas Company or Oasis Pipe Line Company or their contractors mixed top soil with ditch material. In this connection, you are instructed, however, that none of said parties was required to double ditch construction across fields not used for cultivation so as to put the top soil removed in construction back on top of the surface of the ground;

"(2) Whether Intratex Gas Company or Oasis Pipe Line Company or their contractors failed to construct and maintain spreader dams and other soil conservation devices on the 50 foot easement strip and the 50 foot temporary working area, or a portion thereof, except for the 2100 foot portion lying in the flat land, as might be reasonably required to prevent damage to the property of the McNutt's from soil erosion, resulting from operations of any of said parties;

"(3) Whether substantial restoration required the removal of rock or other

material actually excavated from the ditch or uncovered as a result of construction to a point off the 100 foot right-of-way;

"(4) Whether Intratex Gas Company or Oasis Pipe Line Company or their contractors failed to smooth and level all of the ground disturbed by the laying and constructing of the pipeline insofar as practicable. In this connection, you are instructed that 'practicable' means reasonably capable of accomplishment.

"In connection with the foregoing Special Issue, you are instructed further that 'restore' means to make something whole again or regain its condition prior to alteration. 'Substantial' or 'substantially' means a state of being or condition that, although not exact or perfect, is as to all material particulars without significant defect or deficiency.

"Answer 'There was a failure' or 'There was not a failure.'

"We, the jury, answer: *There Was Not a Failure* ".

■ The foregoing issue is not multifarious. The sole inquiry is, did defendants fail to restore the right-of-way to substantially its condition prior to construction. Such issue was raised by the pleadings and evidence and is not objectionable on the grounds that it is general or includes a combination of elements or issues. Rule 277 TRCP.

■ Plaintiffs claim such issue is a comment on the weight of the evidence. To constitute a comment on the weight of the evidence, an issue must be so worded as to indicate an opinion by the trial court as to the verity of the fact inquired about, *Davis v. Thompson*, Tex.Civ.App. (Amarillo) NWH, 581 S.W.2d 282; *Metal Structures Corp. v. Plains Textiles, Inc.*, Tex.Civ.App. (Amarillo) NRE, 470 S.W.2d 93.

We perceive in no way that the issue or instructions indicates an opinion by the trial court as to the verity of the fact inquired about. The 4 paragraphs simply limit the elements the jury can consider based upon the pleadings, the contractual requirements and the evidence.

■ Moreover, plaintiffs have waived any complaint by not requesting in writing any additional instructions or explanatory instructions, Rule 279 TRCP.

All of plaintiffs' points have been considered and are overruled.

AFFIRMED.