CHURCH'S FRIED CHICKEN, INC., Appellant,

v.

JIM DANDY FAST FOODS, INC., Appellee.

No. B2321.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Sept. 24, 1980.

Hugh Rice Kelly, Robert J. Malinak, Baker & Botts, Houston, James L. Anthony, McLeod, Alexander, Powell & Apffel, Galveston, for appellant.

Preston Shirley, Mills, Shirley, McMicken & Eckel, Galveston, John L. Murchison, W. Ronald Robins, Vinson & Elkins, Houston, for appellee.

Before COULSON, MILLER and SALAZAR, JJ.

MILLER, Justice.

This case involves the interpretation of a contract between appellant, Church's Fried Chicken, Inc., (Church's) and appellee, Jim Dandy Fast Foods, Inc., (Jim Dandy). Church's appeals from a judgment notwithstanding the verdict granted in favor of Jim Dandy. We reverse and render judgment on the verdict in favor of Church's.

In 1966 Jim Dandy's predecessor in interest entered into a contract with Church's Food Service Industries, Inc. (now Church's Fried Chicken, Inc.). This contract gives Jim Dandy the exclusive right to use the trade name and trade mark 'Church's Fried Chicken' or 'Church's' within a fifty mile radius of the city hall of Houston, Texas, and within the city limits of Galveston, Texas. In return for this right, Church's,

under the terms of the 1966 agreement, receives two percent of the gross monies collected from the sale of fried chicken sold by Jim Dandy in its Church's stores.

Appellee, Jim Dandy, filed suit seeking a declaration that the 1966 contract would continue so long as the amounts agreed to be paid to Church's were paid. The trial court jury held that the contract did not so provide, impliedly finding that the contract provided for a ten year term with an option to renew and extend at Jim Dandy's election, for an additional 10 year period. This was the position asserted by Church's.

The trial judge granted Jim Dandy's motion for judgment N.O.V., holding that the 1966 contract granted Jim Dandy the right to use the name 'Church's' in the Houston–Galveston area so long as the amounts agreed to be paid to Church's were paid. Church's Fried Chicken appeals this judgment, asserting five points of error.

■ To overrule the granting of a motion for a judgment N. O. V. we must determine that there is more than a scintilla of evidence upon which the jury could have made the findings which they did. In making this determination we must review the evidence in its most favorable light, considering only the evidence and inferences which support the findings, and rejecting the evidence and inferences contrary to the findings. *Miller v. Bock Laundry Machine Co.*, 568 S.W.2d 648 (Tex.1977); *McDonough Brothers Inc. v. T. C. Bateson Construction Co.*, 575 S.W.2d 397 (Tex.Civ.App.–Beaumont 1978, writ ref'd n.r.e.).

Paragraph 3 of the contract in question provides in pertinent part:

Houston [now Jim Dandy] agrees that it will not directly or indirectly engage in the business of selling or dealing in fried chicken under "Church's Fried Chicken" . . . in any territory other than the territory described in the foregoing paragraph for a period of ten (10) years.

Paragraph 5B of the 1966 contract provides:

In the event Houston [now Jim Dandy] elects to continue after the ten–year peri-od as provided in Paragraph 3 hereof to engage in the business of selling fried chicken as provided in Paragraph 3 hereof, then and in such event this Agreement shall be renewed and extended under the same terms and provisions here granted for an additional ten–year period.

Appellant argues that Paragraph 3 is a ten–year term provision relating to the whole contract and appellant cites Paragraph 5B in support of this interpretation. Appellee asserts that Paragraph 3 is a non–competition covenant only and that Paragraph 5B operates to extend and renew not the terms of the contract as a whole, but only the terms of Paragraph 5A of the contract, which in essence provides a covenant that Jim Dandy will not, under any name, sell fried chicken in the Houston–Galveston area or in any area where Church's directly or indirectly sells chicken for a period of three years after Jim Dandy ceases selling chicken under the Church's name. Appellee argues that the term of the contract is to be governed solely by Paragraph 6 of the contract which provides:

Church grants to Houston [now Jim Dandy] the following rights and benefits: A. The right to use the name "Church's Fried Chicken" in the territory described . . . so long as the amounts agreed to be paid to Church . . . are paid.

■ We conclude that there is sufficient evidence upon which the jury could have based its findings. Therefore, the trial court erred in granting Jim Dandy's motion for judgment non obstante veredicto.

We also conclude that it was proper for the trial court to submit the interpretation of the contract to the jury it being for a jury to determine the intention of the parties as expressed in a contract when the contract is ambiguous.

■ Whether a contract is ambiguous is a question of law for the court to decide by looking at the contract as a whole and in light of the circumstances present when the contract was entered into. *City of Pinehurst v. Spooner*, 432 S.W.2d 515, 518 (Tex.

1968). Looking at it in this manner we find the contract to be ambiguous as it relates to the length of time the contract is to be in effect.

 If the contract is ambiguous, parol or extrinsic evidence is admissible to resolve the ambiguity and to ascertain the intent of the parties. When conflicting, (as in this case) intent of the parties is a question of fact for the jury to decide. *Trinity Universal Insurance Co. v. Ponsford Brothers*, 423 S.W.2d 571, 575 (Tex.1968); *Neece v. A.A.A. Realty Co.*, 159 Tex. 403, 322 S.W.2d 597 (1959); *Esteve Cotton Co. v. Hancock*, 539 S.W.2d 145 (Tex.Civ.App.–Amarillo 1976, writ ref'd n.r.e.). Therefore we hold that the jury was correctly given the opportunity to decide the question of length of term in the 1966 contract.

When a trial court has entered judgment non obstante veredicto, and an appellate court concludes that this was error, it must reverse the judgment of the trial court and enter judgment in harmony with the verdict rendered by the jury, unless the opposing party presents grounds sufficient to vitiate the jury's verdict or to prevent affirmance of the judgment had one been entered on the verdict. *Miller v. Bock Laundry Machine Co.*, 568 S.W.2d 648 (Tex. 1977); *Jackson v. Ewton*, 411 S.W.2d 715 (Tex.1967).

In this regard, this court has the power to reverse the finding of the jury where the finding is so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust but we are not authorized to substitute our judgment for that of the jury simply because we might have reached a different conclusion on the facts. *Davis v. J. H. Rose Truck Lines Inc.*, 578 S.W.2d 421, 423 (Tex. Civ.App.–Houston [1st Dist.] 1979, no writ); *Blackmon v. Piggly Wiggly Corp.*, 485 S.W.2d 381, 384 (Tex.Civ.App.–Waco 1972, writ ref'd n.r.e.).

We have examined the contract in question and the rest of the record and have found nothing which would indicate that the jury's verdict was so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust. The paragraphs of the contract, particularly 3 and 5B, are consistent with the jury finding that a ten year term was intended by the parties who entered into the contract. These paragraphs when read with other provisions in the contract at a minimum establish that a real question existed as to whether a ten year or an indefinite term was intended and therefore a finding by the jury that the ten year period was intended is not so against the great weight and preponderance of the evidence as to be manifestly unjust or wrong.

Points of error four and five asserted by appellant have been addressed above and dispose of this case, therefore appellant's points one through three need not be discussed.

The judgment of the trial court is reversed and judgment is rendered on the verdict of the jury in favor of appellant Church's Fried Chicken, Inc.