

# The Attorney General of Texas

June 21, 1984

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

l Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Jack A. McGaughey
District Attorney for Archer,
 Clay, and Montague Counties
P. O. Box 55
Montague, Texas    76251

Opinion No.  JM-175

Re:  Validity of a municipal
ordinance which prohibits the
transfer of municipal cemetery
lots to a party other than the
city

Dear Mr. McGaughey:

You ask us "[w]hether or not a city which owns and operates a municipal cemetery may lawfully enact an ordinance prohibiting the sale or transfer [by a grantee] of lots in that cemetery to a party other than the city." We conclude that a city may <u>not</u> enact such an ordinance, because it would constitute an unreasonable restraint on alienation.

You inform us that a city has operated a municipal cemetery pursuant to articles 1015(13) and 1015(32), V.T.C.S., since 1966 under an ordinance which provides the following at section 7:

> The sale or transfer of any lot or lots or part of a lot in the [c]emetery <u>is prohibited</u>, except any person desiring to sell or transfer a lot or lots or a part of a lot in the [c]emetery <u>shall sell or transfer the same to the [c]ity at a price equal to the purchase price paid</u> for said lot, lots or parts of [a] lot, and the [c]ity shall be obligated to purchase the same at said price. (Emphasis added).

The ordinance provides at section 4(5) that

> [t]he term 'Certificate of Ownership' as used herein shall be construed as the instrument conveying interment rights in lots in the [c]emetery.

We note at the outset that the grantee of a burial lot in a deed of conveyance does not acquire a fee simple title, but only acquires the lot for its intended burial purposes; it is clear, however, that such grantee is not the ordinary owner of an easement and that the interest passed by a deed to the purchaser of a burial lot is an interest in

land.  Oak Park Cemetery, Inc. v. Donaldson, 148 S.W.2d 994 (Tex. Civ. App. - Galveston 1941, writ dism'd judgmt cor.).

Alienability is a legal incident of property, and restraints against it are not favored.  Citizens' State Bank v. O'Leary, 167 S.W.2d 719 (Tex. 1942); Mischer v. Burke, 456 S.W.2d 550 (Tex. Civ. App. - Houston [1st Dist.] 1970, writ ref'd n.r.e.). See Tex. Const. art. I, §26 (provision prohibiting perpetuities).  Such restraints are against public policy and are void.  Benson v. Greenville National Exchange Bank, 253 S.W.2d 918 (Tex. Civ. App. - Texarkana 1952, writ ref'd n.r.e.).  An agreement, on the other hand, which merely provides for the first refusal to buy or for a preferential right of repurchase to be exercised within a specified period of time does not restrain alienation.  U.S. Life Title Company of Dallas v. Andreen, 644 S.W.2d 185 (Tex. App. - San Antonio 1982, no writ); Foster v. Bullard, 496 S.W.2d 724 (Tex. Civ. App. - Austin 1973, writ ref'd n.r.e.); Courseview, Inc. v. Phillips Petroleum Co., 258 S.W.2d 391 (Tex. Civ. App. - Galveston 1953, writ ref'd n.r.e.).  In order for a purchase agreement to constitute an unreasonable restraint on alienation, the purchase agreement must contain a direction to the vendee ordering him not to convey.  U.S. Life Title Company of Dallas v. Andreen, supra; Mattern v. Herzog, 367 S.W.2d 312, 319 (Tex. 1963).  At issue in this request is the proper way to characterize section 7 of the ordinance.

In Forderhause v. Cherokee Water Company, 623 S.W.2d 435, 437 (Tex. Civ. App. - Texarkana 1981), rev'd on other grounds, 641 S.W.2d 522 (Tex. 1982), the court declared that the following contractual provision did not constitute a restraint on alienation and did not violate the prohibition against perpetuities set forth in article I, section 26, of the Texas Constitution:

> Grantee is hereby given the first option to purchase the oil, gas and other minerals herein reserved, at the same price and on the same terms as Grantor has agreed to sell to a third party; such option to be accepted or rejected within five (5) days after Grantee has been furnished with the bona fide offer made by such third party.  Failure to exercise such option on one sale, shall not be a waiver to purchasing at any subsequent sale or sales by Grantor.  (Emphasis added).

The court then concluded:

> The purchase right involved here does not constitute an unreasonable restraint on alienation.  There is no fixed price.  There is no absolute option unlimited as to time.  There is only the right, exercisable whenever the owner desires to sell, to purchase the property by meeting any bona fide offer.  The holder of the right cannot force or prevent a sale; neither can

he fix the price for a sale.  In those circumstances there is not such a restraint on alienation as would violate our public policy.

623 S.W.2d 435 at 439.  See also Gray v. Vandver, 623 S.W.2d 172 (Tex. Civ. App. - Beaumont 1981, no writ) (court held that reservation in deed to the effect that grantors reserved their right to repurchase property for $175 at any time that grantee, his heirs, executors and administrators decide to sell was an unreasonable restraint on alienation).

The ordinance which is the subject of this request does set forth a fixed price.  It is unlimited as to time.  The holder of the right, i.e. the city, can act to forbid any sale or transfer.  It does act, therefore, as a restraint on alienation.  Accordingly, we conclude that a city which owns and operates a municipal cemetery may not enact an ordinance prohibiting the sale or transfer by a grantee of lots in that cemetery to a party other than the city.

## S U M M A R Y

A city which owns and operates a municipal cemetery may not enact an ordinance prohibiting the sale or transfer by a grantee of lots in that cemetery to a party other than the city.

Very truly yours,

JIM   MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Jim Moellinger
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
David Brooks
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton