**TRANSCEIVER CORPORATION OF AMERICA, Appellant,**

v.

**RING AROUND PRODUCTS, INC., Appellee.**

**No. 22800.**

Court of Civil Appeals of Texas, Dallas.

April 10, 1979.

Rehearing Denied May 1, 1979.

J. Robert Fisher, Winstead, McGuire, Sechrest & Trimble, Dallas, for appellant.

Richard L. Jackson, Shuford, Jackson & Miller, Dallas, for appellee.

Before AKIN, ROBERTSON and CARVER, JJ.

AKIN, Justice.

This is a motion to compel our clerk to file an appeal. The sole question is the appealability of an order denying a motion to quash a post-judgment deposition under Tex.R.Civ.P. 621a and denying relief from a prior judgment rendered in 1971. In his motion to quash, appellant sought affirmative relief establishing that he had fully paid the judgment which appellee was seeking to collect. The order overruled the motion to quash and recited a finding that the prior judgment had not been satisfied, but did not specifically deny appellant's affirmative relief. We hold that the trial judge's order is final and thus appealable because it disposed of all the issues between the parties before the court by implication.

Accordingly, we direct the clerk to file this appeal.

Appellee filed a notice under Tex.R.Civ.P. 621a to take a deposition to discover assets of appellant to satisfy a judgment taken against appellant in 1971. In response, appellant filed a motion to quash the deposition on the ground that the 1971 judgment had been satisfied and paid in full. Although denominated "Motion to Quash", appellant prayed affirmatively that the court permanently enjoin the appellee from attempting to collect on the judgment and for declaratory relief that the judgment had been paid. The parties stipulated as to the admissibility of the documents of each party and stipulated that the facts contained in the exhibits were all the operative facts upon which the court could make its determination. After taking the record under advisement, the court denied the motion to quash and ordered the deposition to be taken. Appellant then filed this appeal.

Appellant contends that the order is appealable because it finally determined the controversy between the parties, that is, whether the 1971 judgment had been satisfied. Appellee argues, however, that whether the deposition should be quashed is now moot since it has been taken and there is nothing for this court to determine. Appellee further contends that the appellant should not be permitted to use a motion to quash as an independent suit for a declaratory judgment and for a permanent injunction. We cannot agree with appellee's contentions.

The fact that the deposition has been taken does not make the appeal moot since other relief was sought by appellant and denied by the order from which appellant seeks to appeal. The issue raised by appellant's motion to quash and his prayer for injunctive and declaratory relief was whether the 1971 judgment had been satisfied. The trial judge found this sole ultimate issue against appellant, and thus, in effect, disposed of appellant's prayer for affirmative relief by necessary implication. *North East Independent School District v. Aldridge*, 400 S.W.2d 893, 897 (Tex.1966).

This is true because whether appellant was entitled to affirmative relief and to have the motion to quash granted rested upon whether the 1971 judgment had been satisfied. No other issue was in controversy between the parties. As Chief Justice Alexander stated in *Davis v. McCray Refrigerator Sales Corp.*, 136 Tex. 296, 150 S.W.2d 377, 378 (1941): "It is not essential that the judgment in express terms specifically dispose of each issue. That it does dispose of a particular issue may be inferred from other provisions thereof, provided such an inference follows as a necessary implication. *Trammell v. Rosen*, 106 Tex. 132, 157 S.W. 1161, 1162 (1913)." Here, when the trial judge found that the 1971 judgment had not been paid, which was the only issue between the parties, he overruled the motion to quash and by compelling implication denied appellant's affirmative relief which also rested upon this fact finding. Indeed, in light of this finding, the trial judge could not have rendered any other order than one denying appellant's prayer for an injunction and for a declaration that the 1971 judgment had been satisfied. Consequently, although the judge did not specifically deny appellant's affirmative relief, we hold that he did so by necessary implication since no other issue remained to be determined by the trial court. *Hargrove v. Insurance Investment Corp.*, 142 Tex. 111, 176 S.W.2d 744 (1944). Accordingly, since all the issues between the parties have been determined, the judgment is final and appealable.

To hold, as appellee would have us do, that the order was not final and thus require appellant to file another suit seeking a judgment declaring the 1971 judgment satisfied and an injunction to prevent collection of that judgment, would likely subject appellant to a defensive plea of res judicata or estoppel by judgment. If such a defensive plea be sustained, then appellant would be precluded from appellate review of the correctness of the trial judge's determination that the 1971 judgment had not been satisfied. Such a situation would be untenable.

We know of no procedure more appropriate and judicially economical to determine whether the 1971 judgment had been satisfied than that employed by appellant and see no logical reason why this question may not be determined in this manner. Indeed, the effect of the trial judge's ruling precluded appellant's affirmative relief. *See Proctor v. Associates Investment Co.,* 257 S.W.2d 324 (Tex.Civ.App.—Galveston 1953, no writ). Although denominated a motion to quash, the pleading filed by appellant was in the nature of a counterclaim seeking affirmative injunctive and declaratory relief from the court. Moreover, the rule in Texas is that "the legal effect of a pleading is not determined by its style or name, but by its contentions and evident purpose." *Emmons v. Creditor's Financial Services,* 492 S.W.2d 363, 366 (Tex.Civ.App. —Waco 1973, no writ); *See* Tex.R.Civ.P. 71.

Since we have held the order to be final and appealable, the clerk of this court is directed to accept the record for filing as of the date of receipt. The time for filing briefs, however, will begin from the date of this opinion. Motion to file appeal granted.