**Motion to Designate Memorandum Opinion as Opinion Granted; Opinion of August 9, 2012 Withdrawn; Affirmed in Part; Reversed and Rendered in Part; and Substitute Opinion filed September 13, 2012.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-11-01064-CV

---

### SOUTHWEST GALVANIZING, INC., Appellant

### V.

### EAGLE FABRICATORS, INC., Appellee

---

**On Appeal from the Co. Civil Ct. at Law No. 3**
**Harris County, Texas**
**Trial Court Cause No. 871384**

---

## S U B S T I T U T E   O P I N I O N

We grant the motion to designate memorandum opinion as opinion; we withdraw our opinion dated August 9, 2012, and issue the following substitute opinion.

Appellant Southwest Galvanizing, Inc. ("SWG") sued appellee Eagle Fabricators, Inc. ("Eagle") for breach of contract after Eagle allegedly failed to pay SWG for "hot dip" galvanizing services performed by SWG. A jury found in favor of SWG and awarded damages and attorney's fees. The trial court signed a final judgment in conformity with the jury's verdict, with the exception that the trial court reduced the

amount of attorney's fees awarded by the jury. SWG appeals. We reverse and render in part, and affirm in part.

## BACKGROUND

SWG sued Eagle for breach of contract after Eagle allegedly failed to pay SWG for "hot dip" galvanizing services performed by SWG in 2006. Eagle counterclaimed against SWG, alleging breach of contract, usury, conversion, and unjust enrichment. Both parties sought damages and attorney's fees.

After a trial, the jury found that Eagle failed to comply with its agreement with SWG and awarded $7,789.29 in damages to SWG. The jury failed to find in Eagle's favor on any of its counterclaims. The jury also found "a reasonable fee for the necessary services of the attorney" for SWG to be:

$50,000 for "preparation and trial";

$25,000 for "an appeal to the Court of Appeals";

$20,000 for "making or responding to a Petition for Review to the Supreme Court of Texas"; and

$5,000 "if a Petition for Review is granted by the Supreme Court of Texas."

SWG filed a motion for entry of judgment. Eagle filed a "Response to Motion for Entry of Judgment, Motion for Mistrial or in the Alternative Motion to Disregard Jury Findings," in which Eagle argued that (1) certain jury findings unrelated to attorney's fees were not supported by the evidence, and (2) Eagle was entitled to a new trial because "[r]epresentatives for SWG" prompted juror misconduct when they "contacted and communicated with a juror's family member during trial."

On September 15, 2011, the trial court signed a final judgment in conformity with the jury's verdict, with the exception that the trial court reduced the amount of attorney's fees awarded by the jury as follows:

~~$50,000~~ "$31,157.16 (4 x 7,789.29)" "for services rendered through trial of this case";

2

~~$25,000~~ "$10,000" "in the event of an unsuccessful appeal by [Eagle] to the Court of Appeals";

~~$20,000~~ "$10,000" "in the event of [SWG] responding to a Petition for Review to the Supreme Court of Texas"; and

$5,000 "if a Petition for Review is granted by the Supreme Court of Texas."

SWG filed a motion to modify the trial court's judgment, arguing that the trial court erroneously reduced the amount of attorney's fees, and requesting that the trial court "abide by the jury decision . . . and enter a modified judgment which accurately reflects the jury's verdict." At a hearing on the motion, the following exchange took place:

> THE COURT: You didn't like what I did with the attorney's fees?
>
> [COUNSEL FOR SWG]: You're right. That's a good guess, Judge. The motion that's set for this morning, Judge, all it does is restore the attorney fees according to the jury verdict. There's no motion by Eagle Fab to do so—
>
> THE COURT: Right. But I can, and I'm going to leave it there. Do you have anything to say about the motion before I deny it?
>
> [COUNSEL FOR EAGLE]: Oh, you're going to deny it. No, we have nothing to say about the motion if you're going to deny it.
>
> THE COURT: I am going to deny it.

SWG argues in its only issue on appeal that the trial court should have granted SWG's motion to modify the judgment.

## ANALYSIS

SWG complains on appeal that a trial court cannot "usurp the jury's role as fact finder" by *sua sponte* ordering "remittitur" of a jury's award of attorney's fees. SWG contends that, instead, the trial court can only (1) on its own motion, suggest remittitur as an alternative to ordering a new trial on attorney's fees pursuant to Texas Rule of Civil Procedure 315; or (2) "upon motion and reasonable notice," disregard the jury's finding regarding attorney's fees if it has no support in the evidence pursuant to Texas Rule of Civil Procedure 301. SWG complains that neither procedure was followed by the trial court in this case, and that we therefore should reverse the trial court's judgment and

reinstate the jury's award of attorney's fees.[1]

We agree, and Eagle does not challenge, that the trial court had no authority to "order remittitur" without the consent of the remitting party under Rule 315 as an alternative to a new trial. *See Snoke v. Republic Underwriters Ins. Co.*, 770 S.W.2d 777, 777 (Tex. 1989) (per curiam) ("The trial court had no power to order a remittitur in the amount of attorney['s] fees found by the jury without conditioning that remittitur on a new trial. Thus, the trial court acted in excess of its authority [in doing so]."); *Medi Clinic v. Allen*, No. 05-02-00643-CV, 2003 WL 1752167, at *2 (Tex. App.—Dallas Apr. 3, 2003, no pet.) (mem. op.) (same).

We also agree that the trial court had no authority to otherwise "disregard jury findings" regarding attorney's fees under Rule 301 absent a motion by Eagle to do so. *See* TEX. R. CIV. P. 301 ("The judgment of the court shall conform to . . . the verdict . . . . Provided, that upon motion and reasonable notice the court may render judgment non obstante veredicto if a directed verdict would have been proper, and provided further that the court may, upon like motion and notice, disregard any jury finding on a question that has no support in the evidence."); *see also Hall v. Hubco, Inc.*, 292 S.W.3d 22, 34 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) (op. on reh'g) (a motion under rule 301 "is a jurisdictional prerequisite to the trial court's power to disregard a jury finding"). Thus, because Eagle did not file a motion to disregard the jury's award of attorney's fees,[2] the trial court had no authority to disregard that finding.[3] *See Hall*, 202 S.W.3d at

---

[1] We reject Eagle's contention that SWG waived this issue because although "SWG articulated *the relief* sought from the trial judge," SWG "argued *grounds* for modification to the trial judge that are *different* than the grounds asserted in SWG's appeal." (emphasis in original). After the trial court signed a final judgment reducing the amount of attorney's fees awarded by the jury, SWG filed a motion to modify the trial court's judgment, stating: "There was neither a pending motion before the trial court to reduce the jury awarded attorney['s] fees of [SWG], nor was there consent by [SWG] to reduce the jury awarded attorney['s] fees." As on appeal, SWG argued that the trial court had no authority to reduce the amount of attorney's fees under such circumstances. Such an argument was sufficient to preserve SWG's appellate complaint about the trial court's unilateral action in reducing the attorney's fee award.

[2] We disagree with Eagle's assertion that the trial court's action constitutes a ruling "granting Eagle's motion to disregard jury findings." Eagle's "Response to Motion for Entry of Judgment, Motion for Mistrial or in the Alternative Motion to Disregard Jury Findings" did not ask the trial court to disregard the jury's award of attorney's fees. And, any such complaint that was implicit in Eagle's

4

34. We reverse the portion of the trial court's judgment awarding a reduced amount of attorney's fees to SWG.[4]

When we reverse a trial court's judgment disregarding jury findings, we must render judgment in harmony with the jury's verdict, unless the opposing party presents grounds sufficient to "vitiate[] the jury's verdict" or "prevent[] an affirmance of the judgment had one been rendered by the trial court in harmony with the verdict." TEX. R. CIV. P. 324(c) (when trial court renders judgment notwithstanding the verdict, failure of appellee to bring forward by cross-point on appeal additional alternative grounds to "vitiate the verdict shall be deemed a waiver thereof"); TEX. R. APP. P. 38.2(b)(1) (same); *Church's Fried Chicken, Inc. v. Jim Dandy Fast Foods, Inc.*, 608 S.W.2d 242, 245 (Tex. Civ. App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.) (citing *Miller v. Bock Laundry Mach. Co.*, 568 S.W.2d 648 (Tex. 1977), and *Jackson v. Ewton*, 411 S.W.2d 715 (Tex. 1967)).

---

argument regarding alleged juror misconduct would have entitled Eagle to, at most, a new trial. *See* TEX. R. CIV. P. 327 (circumstances under which trial court may grant new trial based on alleged juror misconduct).

[3] We reject Eagle's argument that we should "conclude that the omitted portion of the reporter's record supports the final judgment" because SWG "failed to include in its request for the reporter's record a 'statement' of its sole issue on appeal." SWG filed a notice of limited appeal the same day it filed its record designation, stating that "the only complaint on appeal is the trial court's sua sponte reduction of the jury award of [SWG's] attorney's fees." This statement is sufficient under Texas Rule of Appellate Procedure 34.6(c) to (1) put Eagle on notice that this court will treat the partial record as complete as to the stated issue, giving Eagle ample opportunity to request any additional portions of the record it believes to be relevant; and (2) remove SWG from the general presumption that omitted portions of a partial record are relevant and support the trial court's judgment. *See Mason v. Our Lady Star of Sea Catholic Church*, 154 S.W.3d 816, 819 (Tex. App.—Houston [14th Dist.] 2005, no pet.). It is not necessary for the statement to be included in the actual record designation, "as long as the statement is made in time for the other parties to designate any additional relevant portions of the record and to prepare their appellate briefs," as was the case here. *See id.* (citing *Bennett v. Cochran*, 96 S.W.3d 227, 228–30 (Tex. 2002) (per curiam)).

[4] We note that this is not a case in which the attorney's fees awarded by the jury are subject to a requirement that such an award also be "equitable and just," as is relevant to an award of attorney's fees pursuant to a claim for declaratory relief. *See, e.g.*, *Ridge Oil Co., Inc. v. Guinn Invs., Inc.*, 148 S.W.3d 143, 163 (Tex. 2004) ("[T]he amount of reasonable and necessary attorney's fees does not dictate their availability under the Declaratory Judgment Act. The trial court must decide whether it would be just and equitable to award them."). In such a case, the trial court would have "discretion to award some but not all the fees found reasonable and necessary by a jury." *See id.*

5

To this end, Eagle argues by "cross issue" that we must not render judgment in harmony with the jury's verdict because:

> the jury verdict, including the verdict on: 1) Eagle Fabricators' liability for breach of contract, 2) damages incurred by [SWG] and 3) the reasonableness and necessity of [SWG's] attorney['s] fees, is factually insufficient and against the great weight and preponderance of the evidence as a matter of fact.

However, aside from this unsupported statement, and a request that we "see generally" the portion of the clerk's record that contains Eagle's response to SWG's motion to modify the judgment at the trial court, Eagle provides no relevant authority or analysis of the evidence by which we may decide such an issue, and we do not consider it. *See* TEX. R. APP. P. 38.1(i); *San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 338 (Tex. App.—Houston [14th Dist.] 2005, no pet.). We therefore render judgment reinstating the jury's award of attorney's fees.

## CONCLUSION

Having sustained SWG's only issue on appeal, we reverse the portion of the trial court's judgment regarding the award of attorney's fees, and we render judgment awarding attorney's fees in the following amounts:

$50,000 "for services rendered through trial of this case";

$25,000 "in the event of an unsuccessful appeal by [Eagle] to the Court of Appeals";

$20,000 "in the event of [SWG] responding to a Petition for Review to the Supreme Court of Texas"; and

$5,000 "if a Petition for Review is granted by the Supreme Court of Texas."

We affirm the trial court's judgment in all other respects.

/s/     Sharon McCally
Justice

Panel consists of Justices Frost, McCally, and Busby.