**Affirmed and Memorandum Opinion filed October 9, 2014.**



In The

# Fourteenth Court of Appeals

### NO. 14-13-00788-CV

## SOUTHWEST GALVANIZING, INC. AND LEACH & MINNICK, P.C. Appellants

## V.

## EAGLE FABRICATORS, INC., Appellee

**On Appeal from the County Civil Court at Law No. 3
Harris County, Texas
Trial Court Cause No. 871384**

## M E M O R A N D U M    O P I N I O N

Southwest Galvanizing, Inc. (SWG) appeals from the trial court's post-judgment order declaring that Eagle Fabricators, Inc. satisfied SWG's judgment against Eagle.[1]   In two issues, SWG contends that the trial court "abused its

---

[1] Leach & Minnick, P.C. is also listed as an appellant in the notice of appeal, but as explained below, we dismiss the firm's appeal because it is not a proper party to the appeal.

discretion in sua sponte prohibiting the collection of appellate attorney fees and the collection of post-appeal court costs."

Eagle asks this court to dismiss the appeal, contending the trial court's order is not a final judgment and that one of the purported appellants is not a proper party to the appeal. Eagle also contends the trial court correctly declared that Eagle satisfied the judgment because Eagle did not "appeal" the trial court's judgment, and therefore, Eagle owed no appellate attorney's fees to appellants.

We hold that we have jurisdiction over SWG's appeal, but we dismiss the appeal by Leach & Minnick, P.C. as it is not a proper party to this appeal. Further, the trial court did not abuse its discretion by declaring that Eagle satisfied the judgment.

## I.  BACKGROUND

This is the second appeal in this case. *See Sw. Galvanizing, Inc. v. Eagle Fabricators, Inc.*, 383 S.W.3d 677 (Tex. App.—Houston [14th Dist.] 2012, no pet.). SWG sued Eagle, and a jury awarded SWG $7,789.29 in damages and attorney's fees in the following amounts:

- $50,000 for preparation and trial;
- $25,000 for an appeal to the Court of Appeals;
- $20,000 for making or responding to a petition for review to the Supreme Court of Texas; and
- $5,000 if a petition for review is granted by the Supreme Court of Texas.

*Id.* at 679. The trial court, however, disregarded the jury's findings regarding the first three categories of attorney's fees and ordered remittitur as follows:

- $31,157.16 for services rendered through trial of this case;

2

- $10,000 in the event of an unsuccessful appeal by Eagle to the Court of Appeals; and

- $10,000 in the event of SWG responding to a petition for review to the Supreme Court of Texas.

*Id.* at 679–80. Eagle paid SWG $47,176.85 and obtained a partial release from SWG.

SWG appealed, *id.* at 679, and we reversed the trial court's judgment regarding the award of attorney's fees and rendered judgment awarding attorney's fees consistent with the jury's findings, *id.* at 682. We affirmed the remainder of the trial court's judgment. *Id.* In doing so, we noted Eagle's "cross issue" that there was factually insufficient evidence to support the jury's verdict on Eagle's liability for breach of contract, SWG's damages, and SWG's attorney's fees. *Id.* at 681. However, we declined to consider Eagle's cross issue because of Eagle's failure to provide this court with relevant authority or an analysis of the evidence. *See id.* (citing Tex. R. App. P. 38.1(i); *San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 338 (Tex. App.—Houston [14th Dist.] 2005, no pet.)).

In our mandate to the trial court, we rendered judgment awarding attorney's fees, in relevant part, "in the following amounts: $50,000 'for services rendered through trial of this case'; [and] $25,000 'in the event of an unsuccessful appeal by Eagle Fabricators, Inc. to the Court of Appeals.'" After this court's mandate issued, Eagle tendered payment of $22,982.37 to SWG, representing the difference between the amount of trial attorney's fees ordered in this court's mandate and the amount ordered by the trial court, court costs, and interest. After SWG refused the payment, Eagle ultimately deposited the $22,982.37 and an additional $151 in court costs into the registry of the trial court.[2]

---

[2] The Harris County Clerk's Office disbursed $23,027.67 to SWG.

SWG served post-judgment discovery on Eagle, *see* Tex. R. Civ. P. 621a, in connection with its efforts to recover the $25,000 for Eagle's "unsuccessful appeal." In the trial court, SWG filed a motion to compel Eagle to respond to SWG's request for the production of documents. Eagle filed a "motion for declaration of satisfaction of final judgment and motion for release of judgment," contending that it had tendered payment to SWG for all that it owed under this court's mandate.

The parties joined issue in the trial court, as they do on appeal, about whether the first appeal in this case involved "an unsuccessful appeal by Eagle." Ultimately, the trial court did not grant SWG's motion to compel and signed an "order and memorandum of satisfaction," finding that the judgment had been "satisfied in all respects and Eagle Fabricators, Inc. has no outstanding judgment debt to Southwest Galvanizing, Inc." SWG appeals.

## II.    MOTION TO DISMISS

Eagle filed a motion to dismiss in this court contending that this court lacks jurisdiction (1) over the entire appeal because the trial court's order and memorandum of satisfaction is not a final judgment from which SWG can appeal; and (2) specifically as to Leach & Minnick because the law firm was not a party to the trial court's judgment. We deny Eagle's motion to dismiss the entire appeal, but we dismiss the appeal as to Leach & Minnick.

### A.    Final Judgment

Eagle contends that the order and memorandum of satisfaction is not a "new" final judgment from which SWG may appeal. However, an order or judgment is final for purposes of appeal when it disposes of every pending claim and party. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001). To make

4

this determination, we look to the record because the record "may help illuminate whether an order is made final by its own language, so that an order that all parties appear to have treated as final may be final despite some vagueness in the order itself." *Id.* at 205–06.

Some post-judgment orders may be interlocutory or "ancillary" such that they cannot be appealed. *See Parks v. Huffington*, 616 S.W.2d 641, 644–46 (Tex. Civ. App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.) (order granting motion to quash discovery merely limited the scope of post-judgment discovery). But this court has suggested that a post-judgment order may be considered a final, appealable order when a party is "denied the benefits of [its] judgment by the order," or when the order disposes of all the issues between the parties. *Id.* at 645. Post-judgment discovery requests are appealable when a final judgment is rendered that disposes of all issues between the parties. *Arndt v. Farris*, 633 S.W.2d 497, 500 n.5 (Tex. 1982) (citing Parks, 616 S.W.2d 641). For example, in *Transceiver Corp. of America v. Ring Around Products, Inc.*, the Dallas Court of Appeals held that a post-judgment order denying a motion to quash discovery was a final appealable order because the trial court found that a prior judgment had not been satisfied. 581 S.W.2d 712, 712 (Tex. App.—Dallas 1979, no writ). Whether the prior judgment had been satisfied was the "sole ultimate issue" in the case, and because no other issue remained in controversy between the parties, the trial court's order containing this factual finding disposed of all issues in the case. *Id.* at 713.

Here, our review of the record reveals that Eagle and SWG disputed whether Eagle had satisfied the judgment notwithstanding its refusal to pay SWG the attorney's fees for an "unsuccessful appeal by Eagle." The trial court's order declaring the judgment fully satisfied therefore disposed of all issues between the

parties because the trial court implicitly found that Eagle did not owe any appellate attorney's fees. Thus, the order was a final judgment from which SWG could appeal. *See id.*

## B. Leach & Minnick

Eagle also contends that we do not have jurisdiction over Leach & Minnick, which is listed as an appellant in the notice of appeal, because it was not a party to the judgment below. Leach & Minnick does not contend that it was named in the trial court's order and memorandum of satisfaction, and our review of the record reveals that the order did not mention Leach & Minnick. Further, Leach & Minnick does not contend that it had any pleading on file designating it as a party, and our review of the record reveals none. Generally, a party is added to a suit by a petition. *See Tex-Hio P'ship v. Garner*, 106 S.W.3d 886, 891 (Tex. App.—Dallas 2003, no pet.); *Hatley v. Schmidt*, 471 S.W.2d 440, 442 (Tex. App.—San Antonio 1971, writ ref'd n.r.e.); *see also In re Union Carbide Corp.*, 273 S.W.3d 152, 155 (Tex. 2008) ("Permissive joinder relates to proper parties to an action who may be joined or omitted at the *pleader's* election." (quotation omitted)). Thus, this record does not indicate that Leach & Minnick was a party in the trial court.

Leach & Minnick also does not contend that it is a deemed party so that it may be excepted from the general rule that only a named party to a suit may bring an appeal. *See City of San Benito v. Rio Grande Valley Gas Co.*, 109 S.W.3d 750, 754–55 (Tex. 2003) (describing the doctrine of virtual representation as an exception to the general rule that an appeal can "only be brought by a named party to the suit"). Leach & Minnick contends, however, that it is a proper party to this appeal because SWG assigned its interest in appellate attorney's fees to Leach & Minnick, and "post judgment activities may be conducted by the assignee." As

support for this proposition, Leach & Minnick cites only *Filley Enterprises, Inc. v. Youngstown Sheet & Tube Co.*, 441 S.W.2d 509, 512 (Tex. 1969). *Filley* is inapplicable. In *Filley*, the judgment-debtor had assigned its interest in accounts receivable to a third party. *Id.* at 510–11. When the judgment-creditor brought a garnishment action against a garnishee, the garnishee *interpleaded* the assignee and deposited the contested funds into the court's registry. *Id.* at 510. Accordingly, the assignee was a party to the suit and could appeal the trial court's award of the disputed funds to the judgment-creditor. *See* Tex. R. Civ. P. 43 (interpleader rule for joining parties).

This record indicates that Leach & Minnick was not a party in the trial court and therefore could not perfect an appeal by filing a notice of appeal. *See* Tex. R. App. 25.1(b) (only a "party" may invoke the appellate court's jurisdiction by filing a notice of appeal). Leach & Minnick have failed to allege or establish any exception to this general rule.

However, SWG also filed the notice of appeal. Under these circumstances, we dismiss the appeal as to Leach & Minnick but retain jurisdiction to consider SWG's appeal. *See* Tex. R. App. 25.1(b) (any party's filing of a notice of appeal invokes the appellate court's jurisdiction; "the failure of another party to perfect an appeal does not deprive the appellate court of jurisdiction but is ground only for the appellate court to act appropriately, including dismissing the appeal").

We now address SWG's appeal.

### III. APPELLATE ATTORNEY'S FEES

In their first issue, SWG contends the trial court abused its discretion by prohibiting the collection of appellate attorney's fees. In the prior appeal, this court issued its mandate and rendered judgment that SWG recover attorney's fees

7

"in the following amounts: . . . $25,000 'in the event of an unsuccessful appeal by Eagle Fabricators, Inc. to the Court of Appeals.'"  After this court directed its mandate to the trial court, the trial court had jurisdiction to enforce our mandate. *See Madeksho v. Abraham, Watkins, Nichols & Friend*, 112 S.W.3d 679, 685–86 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (en banc).  The trial court, however, had no discretion but to enforce it; signing an order contrary to our mandate would be an abuse of discretion.  *See Harris Cnty. Children's Protective Servs. v. Olvera*, 971 S.W.2d 172, 176 (Tex. App.—Houston [14th Dist.] 1998, pet. denied); *see also Madeksho*, 112 S.W.3d at 685 ("Clearly, trial courts must obey appellate mandates, and they abuse their discretion if they do not.").  To interpret and enforce the mandate, a trial court should refer "not only to the mandate itself, but also to the opinion of the [appellate] court."  *Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex. 1986).

SWG contends that the prior appeal was "an unsuccessful appeal by Eagle" because, although Eagle did not file a notice of appeal, Eagle argued by "cross issue" that this court could not render judgment in harmony with the jury's verdict. *See Sw. Galvanizing*, 383 S.W.3d at 681.  Eagle had argued that the evidence was insufficient to support the jury's findings on liability, damages, and attorney's fees. *Id.*  Eagle was entitled to raise its arguments, as an appellee, for why this court "must not render judgment in harmony with the jury's verdict."  *See id.* (citing Tex. R. Civ. P. 324(c)).  Rule 324(c) of the Texas Rules of Civil Procedure clearly authorizes an appellee to raise such "cross points":

> When judgment is rendered . . . notwithstanding the findings of a jury on one or more questions, the appellee may bring forward by cross-point contained in his brief filed in the Court of Appeals any ground which would have vitiated the verdict or would have prevented an affirmance of the judgment had one been rendered by the trial court in harmony with the verdict, including although not limited to the

8

ground that one or more of the jury's findings have insufficient support in the evidence . . . .

Tex. R. Civ. P. 324(c); *see also* Tex. R. App. P. 38.2(b) ("When the trial court renders judgment notwithstanding the verdict on one or more questions, the appellee must bring forward by cross-point any issue or point that would have vitiated the verdict or that would have prevented an affirmance of the judgment if the trial court had rendered judgment on the verdict."). The trial court reasonably could have concluded that Eagle's arguing a "cross issue" consistent with the rules of civil and appellate procedure did not necessarily mean there was an "appeal by Eagle."

Further, our mandate and opinion designated SWG as the "appellant" and Eagle as the "appellee." Thus, SWG was the "party who appeal[ed] a lower court's decision," and Eagle was the "party against whom an appeal [was] taken and whose role [was] to respond to that appeal." *See* Black's Law Dictionary 107, 108 (8th ed. 2004) (defining "appellant" and "appellee").

Finally, we note that an appeal is generally commenced by the filing of a notice of appeal, and a party must file a notice of appeal if it seeks to alter the trial court's judgment. *See* Tex. R. App. P. 25.1(c). A notice of appeal must "state that the party desires to appeal." Tex. R. App. P. 25.1(d). It is undisputed that Eagle did not file a notice of appeal stating its intention to appeal.[3] And in its responsive brief in the prior appeal, Eagle prayed for this court to "affirm the lower court and uphold the final judgment."[4]

---

[3] In fact, SWG had argued to this court in the prior appeal that this court should not have considered Eagle's cross issues because Eagle "filed no notice of appeal seeking to change the judgment," and "[a]s a result, their complaint is not before this Court." SWG contended that Eagle had not "perfect[ed] its own appeal."

[4] SWG contends that Eagle "requested a new trial on all issues." However, Eagle's brief in the prior appeal makes clear that Eagle requested a new trial only in the alternative to an

9

We hold that the trial court did not abuse its discretion by implicitly finding that the prior appeal was not an "unsuccessful appeal by Eagle," given that (1) Eagle did not file a notice of appeal; (2) this court's opinion and mandate designated Eagle as the appellee; and (3) Eagle was entitled by the rules of civil and appellate procedure to bring forward cross points contending that this court could not render judgment in harmony with the jury's verdict. Accordingly, the trial court enforced this court's mandate by declaring that Eagle satisfied the prior judgment, notwithstanding Eagle's refusal to pay attorney's fees for the prior appeal.

SWG's first issue is overruled.

## IV. POST-APPEAL COURT COSTS

In its second issue, SWG contends that the trial court abused its discretion by prohibiting the collection of post-judgment court costs. SWG acknowledges that "Eagle initially deposited into the registry of the court an amount sufficient to cover court costs due as of that date." However, SWG contends the trial court was required to award costs "related to the oral hearings held concerning the recovery of appellate attorney fees and post judgment discovery."

SWG contends the trial court abused its discretion by failing to award these costs because SWG was the "successful party" and an award of costs is mandatory. *See* Tex. R. Civ. P. 131 ("The successful party to a suit shall recover of his adversary all costs incurred therein, except where otherwise provided."). The "successful party" is "one who obtains judgment of a competent court vindicating a civil right or claim." *Christus Health v. Dorriety*, 345 S.W.3d 104, 117 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (quotation omitted).

---

affirmance and only "if this Court reverses the trial court," which was the relief sought by SWG.

SWG's claim in the post-appeal proceedings was for appellate attorney's fees, but the trial court ultimately denied SWG's motion to compel discovery related to the attorney's fees and granted Eagle's "motion for declaration of satisfaction of final judgment and motion for release of judgment." By finding that the final judgment had been "satisfied in all respects and Eagle Fabricators, Inc. has no outstanding judgment debt to Southwest Galvanizing, Inc.," the trial court implicitly found that SWG was not entitled to appellate attorney's fees. Thus, the trial court reasonably could have concluded that SWG was not the "successful party" in the post-appeal proceedings for which SWG asserts costs are owed. The trial court did not abuse its discretion by refusing to award the post-appeal court costs related to SWG's attempted recovery of appellate attorney's fees.

SWG's second issue is overruled.

## V.   CONCLUSION

We deny appellee's motion to dismiss this entire appeal but, nonetheless, dismiss the appeal as to Leach & Minnick as it is not a proper party to the appeal. We overrule both of SWG's issues and affirm the trial court's judgment.


/s/     Sharon McCally
Justice

Panel consists of Chief Justice Frost and Justices McCally and Busby.

11