**Motion to Dismiss Denied and Order filed August 10, 2021**



In The

# Fourteenth Court of Appeals

_____

NO. 14-21-00220-CV
_____

**LUXEYARD, INC., Appellant**

**V.**

**ROBERT KLINEK, Appellee**

**On Appeal from the 113th District Court
Harris County, Texas
Trial Court Cause No. 2012-54501**

## ORDER

This appeal is from an order signed April 7, 2021 (the "April 7th order"), which simultaneously established the amount of costs appellant LuxeYard, Inc. was entitled to while holding those costs had been satisfied by a settlement payment by a non-party to this appeal. Appellee Robert Klinek seeks to dismiss the appeal on the basis the April 7th order is a non-appealable order. We deny the motion to dismiss for the reasons discussed below.

On August 14, 2017, LuxeYard obtained a revised final judgment against multiple parties, including Doug Shaw and Robert Klinek. Aside from awarding substantial monetary damages awards against Shaw, Klinek and other defendants, the judgment taxed costs of court against Shaw and Klinek (as well as multiple other parties to the case) "jointly and severally," though it did not specify how much in costs were taxed nor did it itemize those costs.

Klinek was the only party to appeal the judgment, though his appeal was ultimately unsuccessful. *See Klinek v. LuxeYard, Inc.*, 596 S.W.3d 437, 442–43 (Tex. App.—Houston [14th Dist.] 2020, pet. denied). While the appeal was pending, Shaw filed for bankruptcy, and LuxeYard advanced its rights against Shaw in that proceeding. LuxeYard and Shaw ultimately settled their dispute, and their agreement was approved by the bankruptcy court on or about August 2, 2019.

In November and December of 2020, LuxeYard and Klinik filed cross-motions to re-tax costs with the trial court, with LuxeYard filing an amended motion in December. LuxeYard sought to make its cost award a sum certain, based on a variety of items included in its bill of costs as well as additional costs it asserted were taxable though not included in the bill of costs. Klinik contended he should not have to pay any costs because LuxeYard's settlement with Shaw satisfied his own joint and several liability for costs.

The trial court's April 7th order disposed of LuxeYard and Klinik's cross-motions to re-tax costs. It held LuxeYard was entitled to taxable costs totaling $24,224.74, but the portion of costs Klinik owed "has been satisfied through the payment received by [LuxeYard] from . . . Shaw." LuxeYard filed a notice of appeal on April 22, 2021 contesting the April 7th order.

Although appeals are ordinarily taken specifically from final judgments, *see* Tex. Civ. Prac. & Rem. Code § 51.012, post-judgment orders are themselves

2

appealable under limited circumstances. *Sw. Galvanizing, Inc. v. Eagle Fabricators, Inc.*, 447 S.W.3d 473, 477 (Tex. App.—Houston [14th Dist.] 2014, no pet.).  In particular, this court noted a post-judgment order could be appealable if it denies a party the benefits of its judgment.  *Id.*  That situation is present here.  Under the trial court's April 7th order, LuxeYard went from having an arguable entitlement to recovering costs from Klinik to having no entitlement to recover costs at all.  Regardless of whether the trial court correctly ruled that LuxeYard's entitlement to costs had been satisfied by its settlement with Shaw, this warrants a holding that the April 7th order is appealable.  *See id.* at 477, 479–80 (holding that a party could appeal a trial court post-judgment order that its judgment against a defendant had been satisfied, while ultimately ruling that the trial court order was correct.)

Although post-judgment orders merely enforcing provisions of a judgment are not themselves appealable, *see McFadin v. Broadway Coffeehouse, LLC*, 539 S.W.3d 278, 284 (Tex. 2018), that makes no difference here.  The April 7th order did not enforce provisions of a judgment; rather, it held that a particular provision had been satisfied and thus had no further legal effect.  *See Rapp v. Mandell & Wright, P.C.*, 123 S.W.3d 431, 434 (Tex. App.—Houston [14th Dist.] 2003, pet. denied).  Since the judgment's effects were reduced by the April 7th order rather than merely carried out, the April 7th order is appealable, and Klinik's motion to dismiss is hereby denied.  *See Sw. Galvanizing, Inc.*, 447 S.W.3d at 477.

PER CURIAM

Panel Consists of Justices Bourliot, Poissant, and Wilson.

3