**REVERSE and RENDER; REMAND and Opinion Filed January 30, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00230-CV**

**EDUARDO DEL BOSQUE, Appellant**
**V.**
**JUAN BARBOSA, Appellee**

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-18847**

## MEMORANDUM OPINION

Before Justices Carlyle, Garcia, and Wright[1]
Opinion by Justice Garcia

This appeal arises from a breach of oral contract claim in which the jury awarded construction cost damages to Eduardo Del Bosque and the trial court granted Juan Barbosa's motion for judgment notwithstanding the verdict ("JNOV").

In a single issue, Del Bosque argues the trial court erred in granting the JNOV because the evidence was legally sufficient to establish that the construction costs he incurred were reasonable and necessary. We reverse the trial court's judgment, render judgment for Del Bosque consistent with the jury's verdict, and remand to

---

[1] The Hon. Carolyn Wright, Justice, Assigned

the trial court for the limited purpose of determining attorney's fees and calculating pre- and post-judgment interest.

## I. BACKGROUND

Del Bosque is a veteran contactor with extensive commercial construction experience. After Barbosa acquired a commercial property, the two entered an oral contract to construct and operate a restaurant.

Pursuant to the contract, Del Bosque agreed to pay the first $150,000 of construction costs, and the parties would share all remaining costs equally. Because Barbosa was serving a federal prison sentence at the time of construction, Del Bosque advanced all costs necessary to complete the project. When Del Bosque sought reimbursement, Barbosa denied that the parties had a contract and refused to pay.

Del Bosque initiated this action against Barbosa, asserting claims for breach of contract, quantum meruit, and fraud relating to the restaurant property and another property.[2] The breach of contract and quantum meruit claims pertaining to the restaurant property were tried to a jury. At the close of Del Bosque's evidence, Barbosa moved for a directed verdict, arguing there was no evidence that the construction costs incurred were reasonable and necessary. The trial court denied the motion.

---

[2] One of the breach of contract counts and the fraud claim pertained to the other property. These claims were resolved by the parties prior to trial.

After both sides rested, the case was submitted to the jury. The jury found that: (i) the parties had entered a contract, (ii) Barbosa breached the contract, (iii) Barbosa's performance was not excused, and (iv) Del Bosque suffered damages in the amount of $117,182.97.

Barbosa moved for JNOV. The trial court granted the motion and rendered a take-nothing judgment against Del Bosque. Del Bosque now appeals from that judgment.

## II. ANALYSIS

Del Bosque's sole issue argues the trial court erred in granting the JNOV because the evidence was legally sufficient to support the jury's finding that the costs he incurred were reasonable and necessary and thus recoverable as damages. We agree.

A trial court may grant a JNOV if there is no evidence to support one or more of the jury findings on issues necessary to liability. *Tiller v. McLure*, 121 S.W.3d 709, 713 (Tex. 2003); TEX. R. CIV. P. 301. A trial court's decision on a JNOV based on a legal issue is reviewed de novo. *See Hall v. Hubco, Inc.* 292 S.W.3d 22, 27 (Tex. App.—Houston [14th Dist.] 2006, pet. denied).

When the JNOV is based on a complaint that the evidence is legally insufficient, we employ the well-settled legal sufficiency or "no evidence" review. *See Tiller*, 121 S.W.3d at 713; *Helping Hands Home Care, Inc. v. Home Health of Tarrant Cty., Inc.*, 393 S.W.3d 492, 515 (Tex. App.—Dallas 2013, pet. denied); *see*

*also City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005) (test for legal sufficiency is same for directed verdict, JNOV, and appellate no-evidence review). We credit evidence favoring the jury verdict if reasonable jurors could and disregard contrary evidence unless reasonable jurors could not. *Tanner v. Nationwide Mut. Fire Ins. Co*., 289 S.W.3d 828, 830 (Tex. 2009). We will uphold the jury's finding if it is supported by more than a scintilla of competent evidence. *Id.*

Generally, the evidence is legally insufficient to support a finding and a JNOV must be granted when the record demonstrates: (1) the complete absence of evidence on a vital fact; (2) a rule of law or evidence precluded according weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact amounted to no more than a scintilla; or (4) the evidence conclusively established the opposite of a vital fact. *See City of Keller*, 168 S.W.3d. at 810–11. The final test for legal sufficiency must always be whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review. *City of Keller*, 168 S.W.3d at 827.

To prevail on his breach of contract claim, Del Bosque was required to prove: (i) the existence of a valid contract, (ii) that he performed, (iii) Barbosa breached the contract, and (iv) Del Bosque suffered damages resulting from the breach. *See Barnett v. Coppell North Texas Court, Ltd*., 123 S.W.3d 804, 815 (Tex. App.— Dallas 2004, pet. denied). The jury found there was a contract that was breached. The damages element is at issue here.

The damages question in the jury charge asked the jury to find:

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Plaintiff for his damages, if any, that resulted from such failure to comply?

Consider the following elements of damages, if any, and none other: the reasonable and necessary expenses incurred by Plaintiff to construct the restaurant in DeSoto, Texas.

Answer in dollars and cents, if any.

In response, the jury found that Del Bosque incurred damages in the amount of $117,182.97. Our review centers on whether there is sufficient evidence of probative force to establish that Del Bosque's expenses were reasonably and necessarily incurred.

Parties generally have the freedom to choose to pay unreasonably high prices for goods and services. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 129 (Tex. 2004). To recover remedial damages, however, a party must prove that expenditures are reasonable and necessary. *See Mustang Pipeline Co. v. Driver Pipeline Co.*, 134 S.W.3d 196, 200 (Tex. 2004) (per curiam); *McGinty v. Hennen*, 372 S.W.3d 625 (Tex. 2012).

Here, Del Bosque told the jury that he has over twenty-five years' experience in commercial construction and has completed many buildings. He has an unimpeachable professional history of honesty and competence. He has never been sued for improper or deficient work.

Del Bosque said that he personally inspected the premises, evaluated the state of construction, assessed whether prior work performed at the premises could be utilized, determined what future work was needed, and personally supervised construction of the project. He initially estimated that $390,000-$400,000 would be required to construct the restaurant. Del Bosque explained that he was to be responsible for the first $150,000 in expenses, and then the parties were to split the remaining costs.

The invoices and receipts for the construction expenses were admitted into evidence and reflect that ultimately, Del Bosque's out-of-pocket costs were $430,000. Del Bosque paid those costs and expected reimbursement in accordance with the parties' agreement.

Although Barbosa had done some work on the property before Del Bosque began, when Del Bosque first viewed the property, "everything was demolished and destroyed." In fact, other than the windows, Del Bosque was unable to use any of the work Barbosa had done. For example, Del Bosque explained that the wall for the grill was defective and had to be re-done.

The 375 pages of detailed, dated invoices introduced into evidence further detail the expenditures. The invoices reflect charges for glass door installation for the main store front and drive-through, signage, roofing supplies, lumber, concrete, flooring, a water filtration system and numerous other installation materials and construction supplies. There are also invoices for stucco work, concrete removal,

and welding, and a portable toilet service for the job site. Other invoices reflect purchases for restaurant equipment, including worktables, shelving and racks, refrigeration and storage units, fryers, and cabinets. Thus, the jury was able to see what was done, and could reasonably conclude that the invoices reflected costs and materials necessary for the completion of a restaurant. *Cf. Hanna v. Williams*, No. 03-22-00254-CV, 2022 WL 17490996, at *10 (Tex. App—Austin Dec. 7, 2022, no pet. h) (attorney billing records must contain enough detail to allow a factfinder to determine whether work performed was reasonable and necessary); *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 502 (Tex. 2019) (attorney billing records are strongly encouraged to prove reasonableness and necessity of fees when those elements are contested). Moreover, none of the details provided in the invoices and billing records were challenged.

In the present case, no witness explicitly testified that the expenses incurred were reasonable and necessary, but the parties agree that a plaintiff need not use these magic words to establish the right to recover costs. *See Executive Taxi/Golden Cab v. Abdelillah,* No. 05-03-01451-CV, 2004 WL 1663980, at *4 (Tex. App.—Dallas July 19, 2004, pet. denied) (mem. op.); *CCC Group, Inc. v. South Cent. Cement, Ltd.*, 450 S.W.3d 191, 200 (Tex. App.—Houston [1st Dist.] 2014, no pet.). But Barbosa's counsel acknowledged during oral argument that if Del Bosque had testified that the expenses were "reasonable" and "necessary," it would have

rendered the evidence sufficient to support the verdict. This is indicative of the relative strength of the evidence at issue here.

Del Bosque argues that there was no incentive for him to inflate costs because of the parties' agreement that he would be responsible for half after his $150,000 initial outlay. We agree that the jury could reasonably draw this inference from the evidence. *See City of Keller*, 168 S.W.3d at 822 (indulging every reasonable inference to support the verdict).

Del Bosque also relies on Barbosa's testimony to argue there was sufficient evidence to support the verdict. Specifically, Barbosa testified, based on his review of the receipts provided in the case, that it would cost between $200,00 and $300,000 to complete the project. When a damage award falls within range of costs testified to by each side, such testimony is some evidence supporting a jury award for the reasonable and necessary cost of repairs. *See Hernandez v. Lautensack*, 201 S.W.3d 771, 777 (Tex. App.—Fort Worth 2006, pet. denied). Indeed, the jury's verdict of $117,182.97 comports with the jury having credited this evidence based on the set-off for Barbosa's initial investment.

A factfinder has discretion to award damages within the range of evidence presented at trial. *Gulf States Utils. Co. v. Low*, 79 S.W.3d 561, 566 (Tex. 2002); *Basic Cap. Mgmt., Inc. v. Dynex Comm. Inc.*, 402 S.W.3d 257, 265 (Tex. App.—Dallas 2013, pet. denied). Here, Del Bosque spent approximately $430,000 to complete the restaurant. Deducting Del Bosque's agreed-upon $150,000 initial

–8–

outlay leaves $240,000 to be split between the parties, and Del Bosque's share of that would be $120,000. The jury awarded Del Bosque $117,182.97. There is a rational basis for this award. *See Low*, 79 S.W.3d at 566. Further, the jury's precise damage calculation suggests they had adequate information to determine which expenses they deemed reasonable and necessary.

Jury verdicts are sacrosanct. *See Herbert v. Herbert*, 754 S.W.2d 141, 143 (Tex. 1988) (recognizing "the sanctity to which a jury verdict is entitled."). Although there are certain narrow procedural vehicles for challenging a verdict, appellate courts should be reluctant to disturb verdicts unless required by law. *See McWhorter v. Humphries*, 161 S.W.2d 304, 308 (Tex. App.—Texarkana 1941, writ ref'd n.r.m.); *Southern States Life Ins. Co. v. Watkins*, 180 S.W.2d 977, 979 (Tex. App.—Dallas 1944, no writ). Accordingly, guided by the standard of review, we navigate the close call here with the appropriate deference to the jury's verdict. *See generally, City of Keller*, 168 S.W.3d at 822 (indulging every reasonable inference to support verdict); *Randall v. Walker*, No. 03-15-00317, 2017 WL 1404727, at *2 (Tex. App.—Austin Apr. 13, 2017, no pet.) (appellate courts reverse JNOV if more than a scintilla of evidence supports jury's findings).

On this record and under the circumstances present here, the evidence was sufficient for a reasonable and fair-minded jury to rationally conclude that Del Bosque was entitled to recover $117,182.97 for expenses reasonably and necessarily incurred to construct the restaurant. *See City of Keller*, 168 S.W.3d at 810–811.

Therefore, the trial court erred in granting the JNOV. Del Bosque's issue is sustained.

## III. CONCLUSION

When a trial court erroneously grants a JNOV on a specified basis and an appellate court concludes the ruling was erroneous, the proper disposition is to reverse and render judgment in harmony with the jury's verdict. *See Sw. Galvanizing Inc. v. Eagle Fabricators, Inc.*, 383 S.W.3d 677, 681 (Tex. App.—Houston [14th Dist.] 2012, no pet.). Accordingly, we reverse the trial court's judgment, render judgment reinstating the jury's verdict for damages in the amount of $117,182.97, and remand to the trial court for the limited purpose of determining attorney's fees and calculating pre- and post-judgment interest as allowed by law.

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

220230F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

EDUARDO DEL BOSQUE,
Appellant

No. 05-22-00230-CV      V.

JUAN BARBOSA, Appellee

On Appeal from the 192nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-18-18847.
Opinion delivered by Justice Garcia.
Justices Carlyle and Wright
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and judgment is **RENDERED** that the jury's verdict awarding Del Bosque $117,182.97 is reinstated. The case is **REMANDED** to the trial court for the limited purpose of determining attorney's fees and calculating pre-and post-judgment interest.

It is **ORDERED** that appellant EDUARDO DEL BOSQUE recover his costs of this appeal from appellee JUAN BARBOSA.

Judgment entered this 30th day of January 2023.